**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EILENE T. MINOR,** § | | |
| Plaintiff, § | | |
| v. § | No. 3:12-CV-0036-G (BF) | |
| § | | |
| **UNIVERSITY OF TEXAS** § | | |
| **SOUTHWESTERN MEDICAL CENTER,** § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. Before the Court for findings, conclusions, and recommendation is the University of Texas Southwest Medical Center's ("U.T. Southwestern's") Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion," doc. 10). The time to file a response expired, and Plaintiff failed to respond to the Motion.

**Background**

Plaintiff Eilene T. Minor has filed this case against UT Southwestern, alleging claims of racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").[1] (Compl., doc. 3; Amend. Compl. doc. 8.)

Plaintiff alleges that she is a black female who suffered discrimination and retaliation

---

[1] Plaintiff filed her Complaint on January 5, 2012. (Compl., doc. 3.) On January 18, 2012, Plaintiff filed an amendment to this complaint providing additional information regarding her claims. (Amend. Compl. doc. 8.) Because it appears Plaintiff did not intend for the amendment to fully supersede her previously filed complaint, UT Southwestern considered the allegations contained in both documents in combination for purposes of this motion. The Court agrees with this assessment.

at the hands of her employer, UT Southwestern. (*Id.*) Defendant contends that although Plaintiff's pleadings, in part, assert a claim under the ADEA, the ADEA claim against UT Southwestern is barred by sovereign immunity. Defendant claims that for this reason, this Court lacks jurisdiction over Plaintiff's ADEA claim, and it should be dismissed under Rule 12(b)(1).

## Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). In ruling on a motion to dismiss pursuant to Rule 12(b)(1), the court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Accordingly, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark*, 798 F.2d at 741. All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d 420, 424 (5th Cir. 2002).

Federal courts are courts of limited jurisdiction and must have statutory or

2

constitutional power to adjudicate a claim.  *See Home Builders Ass'n*, 143 F.3d at 1010. In the absence of jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

## Analysis

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  "[T]he reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the  defendant, but also certain actions against state agents and state instrumentalities."  *Southwestern Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 937 (5th Cir. 2001) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

Plaintiff has not disputed that U.T. Southwestern is entitled to Eleventh Amendment immunity on her ADEA claim, nor could she validly do so.  The law is clear that U.T. Southwestern is part of the University of Texas System.  Tex. Educ. Code Ann. § 65.02(a)(7) (Vernon 2002).  Additionally, the University of Texas System is clearly a state agency. Tex. Gov. Code Ann. § 441.101(3) (Vernon 2004).  *See Cannizaro v. Univ. of Texas Sw Med. Ctr.*, No. 3:97-CV-2961-G, 1998 WL 289264, at *1 (N.D. Tex.  May 21, 1998) (citing *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir.  1996).  It is equally clear that

3

U.T. Southwestern is an arm or instrumentality of the State of Texas for Eleventh Amendment purposes. *See Turner v. Univ. of Tex. S. W. Med. Ctr. at Dallas*, No. 3:06-cv-0592-L, 2007 WL 959032, at *2-3 (N.D. Tex. March 30, 2007). The Eleventh Amendment bars a federal lawsuit "by a private individual against an unconsenting state" unless one of the following is present: "waiver [by the state] or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment." *State of Texas, by and through the Bd. of Regents of the Univ. of Texas Sys. v. Walker*, 142 F.3d 813, 820 (5th Cir. 1998) (citing U.S. Const. amend. XI; *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 56-58 (1996)). Further, the United States Supreme Court has held that the ADEA does not abrogate the State's Sovereign immunity. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000).

A review of the record reveals that Plaintiff does not even contend, much less present clear and convincing evidence, that either U.T. Southwestern or the State of Texas has waived its sovereign immunity. Accordingly, Plaintiff has no legal basis to bring an ADEA claim against U.T. Southwestern and Plaintiff's ADEA claim should be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## **RECOMMENDATION**

U.T. Southwestern's Partial Motion to Dismiss (doc. 10) should be granted. The

District Court should dismiss with prejudice Plaintiff's claims against U.T. Southwestern brought pursuant to the ADEA.

So Recommended, April 17, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE