

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 13 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EILENE T. MINOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-cv-36-G (BF) |
| | § | |
| UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL CENTER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant University of Texas Southwestern Medical Center ("UT Southwestern") has filed a motion for summary judgment in this *pro se* employment discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.* For the following reasons, the motion should be granted.

**Background**

Plaintiff, an African-American female, worked for UT Southwestern in various capacities from November 1996 until her termination on November 15, 2011. *See* Def. MSJ App. at 132, 215. In May 2006, Plaintiff began working in the Ophthalmology Department as a Clinical Staff Assistant doing insurance verification. *See id.* at 144-45. Plaintiff contends that in or around September 2006 her supervisor offered her a promotion to a Surgery Scheduler position and an attendant ten percent pay raise. *See id.* at 146-47, 151. Although Plaintiff allegedly accepted the promotion shortly thereafter and promptly began performing the duties of a Surgery Scheduler, her job title did not change and she did not receive a pay raise until May of 2008 -- after she had submitted written

grievances to her supervisors and UT Southwestern's Office of Equal Opportunity and Minority Affairs complaining that similarly situated white employees received higher compensation for performing the same job duties. *See id.* at 63, 65, 147, 149, 156, 160-62, 164.

Plaintiff contends that she was "labeled a troublemaker" because of her grievances and was subjected to harassment, retaliation, and further racial discrimination. *See id.* at 169. In particular, Plaintiff alleges that beginning in April 2011 her supervisor April Gonzalez Netek "nit-picked" and "mess[ed] with [her] for no reason." *Id.* at 177. Netek required Plaintiff to attend an online training seminar, revise an employee handbook, and perform other tasks that were not similarly assigned to her white coworkers. *See id.* at 177, 179-82. Netek also threatened Plaintiff with discipline for scheduling a patient's surgery in a manner that did not strictly comply with office policy but ignored scheduling irregularities by other employees. *See id.* at 178. Plaintiff alleges that on or about July 5 her coworker Mary Bartholomew kicked her. *Id.* at 174-75. Plaintiff reported the incident to Netek, Netek's supervisor Jackie Williams, and representatives in UT Southwestern's Human Resources department, but Bartholomew was never disciplined. *Id.* at 175-76.

On or about July 12, Netek issued Plaintiff a written reprimand for disruptive behavior arising out of two separate incidents in the preceding weeks. *See id.* at 200-01. First, Plaintiff allegedly exhibited "disruptive and disrespectful" behavior towards Netek at a staff meeting by talking over Netek, engaging in side conversations with other coworkers, and "audibly sighing." *Id.* Additionally, Plaintiff allegedly spoke to Bartholomew in an "elevated tone" in the presence of several patients and afterwards argued with Netek and refused to comply with Netek's request to return to her office. *Id.* In September, Netek presented Plaintiff with her annual performance appraisal which reflected that Plaintiff failed to meet expectations with respect to "PACT" skills or

"(1) problem solving; (2) ability, attitude, and appearance; (3) communications, collaboration, and compassion; and (4) teamwork." *See id.* at 207-11. As a consequence of the poor performance appraisal, Netek placed Plaintiff on a development plan. *See id.* at 212.

Netek determined that Plaintiff continued to exhibit rude and disruptive behavior and repeatedly failed to follow instructions throughout September and October. *See id.* at 215-17. Accordingly, Netek decided to terminate Plaintiff's employment effective November 15. *Id.* Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 14, 2011, and the EEOC issued a right to sue letter the same day. *Id.* at 3-4. Plaintiff filed the instant lawsuit on January 5, 2012, alleging claims for race and national origin discrimination and retaliation in violation of Title VII and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* The Court later dismissed Plaintiff's ADEA claims with prejudice. *See* Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated 5/10/12 (Doc. 13) and Judgment dated 5/10/12 (Doc. 14.)

Defendant now moves for summary judgment on all of Plaintiff's remaining claims and causes of action. Succinctly stated, Defendant argues that Plaintiff cannot establish a prima facie case of race discrimination or retaliation in violation of Title VII and cannot rebut the legitimate, nondiscriminatory and nonretaliatory reasons supporting any alleged adverse employment action, including Plaintiff's termination. Defendant further argues that Plaintiff did not intend to state a claim for national origin discrimination, and that, even if she did, she cannot establish a prima facie case of discrimination. Plaintiff failed to file any written response to the summary judgment motion. The court therefore considers the motion without the benefit of a response.

3

## Summary Judgment Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A summary judgment movant who does not have the burden of proof at trial bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id.* (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Where, as here, the non-movant has not filed a summary judgment response or submitted any controverting evidence, the Court may accept as true the undisputed facts adduced by the movant. *See UNUM Life Ins. Co. of America v. Long*, 227 F.Supp.2d 609, 614 (N.D. Tex. 2002). All evidence must be viewed in the light most favorable to the party opposing the motion. *See United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

## Analysis

As an initial matter, Defendant argues that several of the incidents identified in Plaintiff's pleadings are time-barred and should not be considered in analyzing Plaintiff's discrimination and retaliation claims. The Court agrees. Under Title VII, "the date for determining timeliness [is] 300 days prior to the filing of the first filed charge." *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003); *see also* 42 U.S.C. § 2000e-5(e)(1). Any conduct occurring prior to the 300 days is time-barred. *See Frank*, 347 F.3d at 136. Here, it is undisputed that Plaintiff filed her charge of

discrimination on December 14, 2011. Def. MSJ App. at 3-4. Defendant thus argues that Plaintiff is barred from relying on conduct that occurred before February 17, 2011, including Defendant's alleged failure to promote Plaintiff to a Surgery Scheduler position in 2008. Plaintiff does not respond to this argument. Nor does she identify evidence that would permit a jury to find that any incidents occurring prior to February 17, 2011 were part of a continuing violation that lasted into the limitations period. *See Pegram v. Honeywell Inc.*, 361 F.3d 272, 279 (5th Cir. 2004) (continuing violation doctrine allows courts to hear Title VII claims premised on acts that occur before the statutory period if those acts are sufficiently connected to other acts within the statutory period such that they have an aggregate discriminatory effect). Defendant's alleged failure to promote Plaintiff constitutes a discrete event that is not part of any organized scheme or series of discriminatory acts that would support a finding of a continuing violation. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 352 (5th Cir. 2001) (refusing to apply continuing violation theory to failure to promote claim). Accordingly, the alleged incidents occurring prior to February 17, 2011 are time-barred. The District Court should dismiss Plaintiff's discrimination and retaliation claims to the extent they are based on conduct that occurred before that date. *See Tesso v. Westwood College*, No. 3:11-CV-0246-D, 2012 WL 3204916, at *3 (N.D. Tex. Aug. 8, 2012) (holding that plaintiff could not recover under Title VII for conduct that took place 300 days before charge of discrimination was filed).

### National Origin Discrimination

Next, the Court observes that Plaintiff has abandoned her claim for national origin discrimination. Although her EEOC charge and original complaint reference national origin discrimination, Plaintiff fails to allege any facts in either pleading that would support a claim for

discrimination on the basis of her national origin. *See* Def. MSJ App. at 001-03. Plaintiff's amended complaints do not mention national origin discrimination, *see id.* at 122-29, and, at her deposition, Plaintiff disavowed any intention to bring a claim for national origin discrimination. *Id.* at 135-36; *see also id.* at 136-37 (describing claims Plaintiff intended to file as limited to claims for race discrimination, age discrimination, retaliation, harassment, and hostile work environment). Plaintiff does not dispute Defendant's contention that she never meant to assert a claim for national origin discrimination, *see* Def. MSJ Br. at 25, and she has not identified any evidence that would raise a material fact issue as to that claim. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim for national origin discrimination.

## Race Discrimination

To prevail on her discrimination claim, Plaintiff must present direct or circumstantial evidence that her race was a motivating factor for Defendant's alleged adverse employment actions. *See, e.g., Siddiqui v. AutoZone West, Inc.*, 731 F.Supp.2d 639, 648 (N.D. Tex. 2010). "'Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption.'" *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002). In this case, Plaintiff does not specifically refer in her pleadings to any direct evidence of discrimination. Nor does she identify any such evidence in the summary judgment record. Thus, she must rely on circumstantial evidence to prove discrimination.

To prove her claim with circumstantial evidence, Plaintiff must use the three-step "modified McDonnell-Douglas approach." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). First, Plaintiff must establish a prima facie case of discrimination, which "creates a presumption that [Defendant] unlawfully discriminated against her." *Tex. Dep't of Cmty. Affairs v.*

*Burdine*, 450 U.S. 248, 254 (1981). To establish a prima facie case of race discrimination, Plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she was subjected to an adverse employment action; and (4) she was replaced by someone outside the protected class or other similarly situated employees were treated more favorably. *See Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001). If Plaintiff establishes a prima facie case of discrimination, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for the employment action taken against Plaintiff. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993). Defendant's burden is merely one of production, not proof, and involves no credibility assessments. *See, e.g., Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000). If Defendant meets its burden, Plaintiff may prove intentional discrimination by proceeding under one of two alternatives: (1) the pretext alternative or (2) the mixed-motives alternative. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). Under the pretext alternative, Plaintiff must "offer sufficient evidence to create a genuine issue of material fact ... that [Defendant's] reason is not true, but is instead a pretext for discrimination." *Id.* (internal quotation marks and citation omitted). Under the mixed-motives alternative, Plaintiff must offer sufficient evidence to create a genuine issue of material fact "that [Defendant's] reason, while true, is only one of the reasons for [its] conduct, and another motivating factor is [Plaintiff's] protected characteristic." *Id.* (internal quotation marks and citation omitted).

In this case, Plaintiff identifies numerous alleged adverse employment actions in support of her race discrimination claim, including Netek's "nit-picking," being kicked by Bartholomew, the written reprimand, the additional tasks assigned to her alone, the low performance appraisal, the development plan, and her termination. However, the Fifth Circuit has a strict interpretation of the

adverse action requirement. *Pegram*, 361 F.3d at 282; *see also Dixon v. Moore Wallace, Inc.*, No. 3:04-CV-1532-D, 2006 WL 1949501, at *8 (N.D. Tex. Jul. 13, 2006), *aff'd*, 236 Fed. Appx. 936 (5th Cir. 2007). Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating. *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). "[A]n employment action that does not affect job duties, compensation, or benefits is not an adverse employment action for purposes of a discrimination claim under Title VII." *Pegram*, 361 F.3d at 282 (internal quotation marks omitted). Disciplinary warnings and negative performance evaluations do not constitute actionable adverse employment actions. *Roberson v. Game Stop/Babbage's*, 152 Fed. Appx. 356, 360 (5th Cir. 2005); *Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2008 WL 5220569, at *5 (N.D.Tex. Dec. 12, 2008), *aff'd*, 670 F.3d 644 (5th Cir. 2012). Therefore, of all the wrongs Plaintiff allegedly endured, only her termination constitutes an actionable adverse employment action for purposes of her discrimination claim.

Defendant contends that it is entitled to summary judgment on Plaintiff's race discrimination claim because she cannot establish a prima facie case of discrimination, nor can she rebut Defendant's legitimate, nondiscriminatory reasons for her termination. Plaintiff has not responded to Defendant's motion and, among other things, has failed to provide any evidence that she was replaced by someone who was not a member of her protected class or that she was treated differently from any similarly situated employee with respect to her termination. In a disciplinary termination case such as this one, Plaintiff must show that Defendant "gave preferential treatment to another employee under 'nearly identical' circumstances; that is, that the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees." *Okoye*, 245 F.3d at 514

(internal quotations and citations omitted). Plaintiff contends she was generally treated less favorably than her white coworker Lindsay Pratt. *See, e.g.*, Def. MSJ App. at 178-79. However, there is no evidence in the record that Pratt engaged in misconduct that was nearly identical to the rude, disruptive, and unprofessional behavior for which Plaintiff was allegedly terminated. Thus, Plaintiff has failed to establish a prima facie case of race discrimination.

Even assuming Plaintiff could establish a prima facie case of discrimination with respect to her termination, Defendant has articulated a legitimate, nondiscriminatory reason for its employment decision. Defendant has produced evidence that Netek terminated Plaintiff for repeatedly behaving in a rude, disruptive, and unprofessional manner. Def. MSJ App. at 196-99, ¶¶ 4-15; *Id.* at 230-31, ¶¶ 4,6. Again, Plaintiff has not responded to Defendant's motion and has failed to identify any evidence that the decision to terminate her employment was based on her race. Instead, Plaintiff relies on her own subjective belief to establish discrimination. *Id.* at 191-93. Plaintiff's subjective beliefs about discrimination, without more, are simply not enough to survive summary judgment. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Accordingly, Defendant is entitled to summary judgment on Plaintiff's race discrimination claim.

### Retaliation

Defendant is similarly entitled to summary judgment on Plaintiff's retaliation claim. Plaintiff offers no direct evidence of retaliation, so she must proceed under the *McDonnell Douglas* burden shifting paradigm. To establish a prima facie case of retaliation, Plaintiff must show that: (1) she engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse employment action. *See McCoy*, 492 F.3d at 556-57. Once Plaintiff establishes a prima facie case, Defendant must articulate a legitimate,

non-retaliatory reason for the adverse employment action. *Id.* at 557. If Defendant meets its burden of production, Plaintiff must come forward with sufficient evidence that "but for" the protected activity, the adverse employment action would not have occurred. *See Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999).

Assuming, for the sake of argument, that Plaintiff can establish a prima facie case of retaliation, Defendant has provided evidence of a legitimate reason for all the actions Plaintiff alleges to be retaliatory. Netek disputes "nit-picking" Plaintiff. She explains that she issued the written reprimand based on her personal observation of disruptive and unprofessional behavior by Plaintiff. Def. MSJ App. at 196-97, ¶¶ 4-6. Netek states that she gave Plaintiff a low performance appraisal and placed her on a development plan based on her assessment of Plaintiff's work performance. *Id.* at 198, ¶¶ 11-12. Netek required weekly meetings with Plaintiff to discuss Plaintiff's behavior as part of an effort to help Plaintiff meet her development plan goals. *Id.* at 198-99, ¶¶ 12-13. Netek further explains that she assigned Plaintiff tasks and assignments that would help ensure the smooth operation of the clinic. *Id.* at 198, ¶ 10. Netek terminated Plaintiff's employment because she failed to demonstrate any improvement in her behavior and continued to be disruptive and unprofessional. *Id.* at 199, ¶ 14. Plaintiff does not respond to any of Defendant's arguments and does not identify any evidence that would raise a material issue as to whether Defendant's reasons were pretextual or motivated in any way by retaliatory animus. At her deposition, Plaintiff offered only her own subjective belief as evidence of retaliation. *Id.* at 186, 190-92. However, Plaintiff's subjective belief that Defendant was motivated by retaliatory animus, without more, is insufficient to defeat summary judgment. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000). Defendant is therefore entitled to summary judgment on Plaintiff's retaliation claim.

### Hostile Work Environment

Finally, Plaintiff appears to assert a claim for hostile work environment. To prevail on such a claim, Plaintiff must prove: (1) she belonged to a protected class; (2) she was subject to unwelcome harassment; (3) the harassment was based on race; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Long v. Eastfield College*, 88 F.3d 300, 309 (5th Cir. 1996). Defendant contends that Plaintiff cannot establish that the alleged harassment was based on race. Def. MSJ Br. at 23-24. Indeed, Plaintiff conceded at her deposition that the incidents of alleged harassment she experienced were not related to her race. Def. MSJ App. at 173-74, 178, 182-84. Plaintiff further testified that she believed she was harassed because of her complaints. The Fifth Circuit has declined to expressly recognize a cause of action for retaliatory hostile work environment. *Fallon v. Potter*, 277 Fed. Appx. 422, 424 & n.3 (5th Cir. 2008); *Bryan v. Chertoff*, 217 Fed. Appx. 289, 293 (5th Cir. 2007). Accordingly, Defendant is entitled to summary judgment on Plaintiff's hostile work environment claim.

### RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court GRANT Defendant's motion for summary judgment as to all of Plaintiff's claims and causes of action.

SO RECOMMENDED, June 13, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).